UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-cv-20692

ALICIA LIENS CARRACEDO,
and all others similarly situated

      Plaintiff,

v.

TK PROMOTIONS, INC.
D/B/A BT'S GENTLEMEN'S CLUB,
and GREGG BERGER,

      Defendants.                             /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALICIA LIENS CARRACEDO, ("CARRACEDO"), and all others similarly situated, by and through her undersigned attorneys, files this Complaint against Defendants, TK PROMOTIONS, INC. d/b/a BT'S GENTLEMEN'S CLUB, and GREGG BERGER, and states as follows:

## INTRODUCTION

1.  This is an action to recover unpaid minimum wages and overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.,* (hereinafter "FLSA").

## JURISDICTION

2.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.  At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web:  gallup-law.com

4. During all time periods set forth herein, the Defendants operated a Gentlemen's night club.

5. At all times material hereto, corporate Defendant was and continues to be an "enterprise engage in commerce" within the meaning of the FLSA.

6. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Specifically, the Plaintiff handled food and drinks which were originally produced outside the State of Florida.

7. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

8. During all time periods set forth herein, the Defendants had no less than ten (10) employees handling, selling or otherwise working on good and materials that had moved in or were produced for commerce. Those workers also handled food and drinks which were originally produced outside the State of Florida.

9. During all time periods set forth herein, the Plaintiff was individually covered by the FLSA by virtue of her use of instrumentalities of interstate commerce on a regular and recurrent basis as part of her employment. Specifically, the credit card transactions ran by Plaintiff for Defendants' customers, required the Plaintiff to make, throughout her workweek, interstate transmissions by telephone and broadband to banks and credit card merchant processors outside the State of Florida.

10. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

11. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry-on business in the Southern District of Florida.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

12. Plaintiff began working for Defendants on or about January 2, 2019 and resigned in or about August 2021 due, in part, to Defendants' failure to properly compensate her.

## **VENUE**

13. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

   b. Defendants were and continue to be a corporation and individual doing business within this judicial district.

## **PARTIES**

14. At all times material hereto, Plaintiff, CARRACEDO, was a resident of Miami-Dade County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

15. During all time periods set forth herein, the corporate Defendant, TK PROMOTIONS, INC. d/b/a BT'S GENTLEMEN'S CLUB, was conducting business in Miami-Dade County, Florida with its principal place of business in that county.

16. During all time periods set forth herein, the Defendants were and continue to be "employers" within the meaning of the FLSA.

17. During all time periods set forth herein, Defendants knowingly, willfully and maliciously failed to pay Plaintiff her lawfully earned wages in conformance with the FLSA.

18. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

19. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

20. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived or otherwise excused.

## STATEMENT OF FACTS

21. On or about January 2, 2019, Defendants hired Plaintiff to work as a waitress.

22. During all time periods set forth herein, Plaintiff was paid below the full minimum wage for all her work hours as she was supposed to receive a reduced wage of $5.63 per hour.

23. During all time periods set forth herein, Plaintiff was not paid the proper amount for all of her overtime hours in weeks in which she worked more than forty (40) hours.

24. The record of the precise number of hours the Plaintiff worked would be in the possession and control of the Defendants.

25. Defendants knowingly and willfully operated their business with a policy of not paying to the Plaintiff wages in conformance with the applicable law.

26. Defendant, GREGG BERGER, was a supervisor and/or manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the FLSA violations described herein.

27. Defendant, GREGG BERGER, was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

28. Plaintiff has retained Gallup Auerbach, LLC to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

29. Plaintiff realleges Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Plaintiff's employment with Defendants was to consist of a workweek for which she was to be compensated at or above the FLSA minimum wage.

31. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid their minimum wages.

32. Defendants unlawfully availed themselves to an FLSA "tip credit."

33. The Defendants failed to satisfy all conditions precedent for taking a "tip credit" against all Plaintiff's minimum wages.

34. Specifically, Defendants improperly took and distributed Plaintiff's tips to non-traditionally tipped employees, including managers.

35. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. Judgment in her favor for all unpaid minimum wages dur or payable;

b. Liquidated damages;

c. Attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest;

e. recoupment of all tips which were misappropriated by the Defendants; and,

f. all other and further relief this Court deems to be just and proper.

## COUNT II
## VIOLATION OF 29 U.S.C. § 206 (UNPAID OVERTIME WAGES)

36. Plaintiff realleges Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

37. Plaintiff is entitled to be paid one and one-half times Florida's prevailing non-tipped minimum wage for each hour worked in excess of forty (40) hours per workweek.

38. As a result of Defendants unlawful acts, Plaintiff has suffered damages, and has incurred costs and attorneys' fees.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

39. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. Judgment in her favor for all unpaid overtime wages dur or payable;

b. Liquidated damages;

c. Attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest;

e. recoupment of all tips which were misappropriated by the Defendants; and,

f. all other and further relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues triable as of right by jury.

Dated: March 8, 2022

                                  Respectfully submitted,

                                  **GALLUP AUERBACH**
                                  *Counsel for Plaintiff*
                                  4000 Hollywood Boulevard
                                  Presidential Circle-Suite 265 South
                                  Hollywood, Florida 33021
                                  T: (954) 894-3035
                                  E-mail: jauerbach@gallup-law.com

                        By:    */s/ Jacob K. Auerbach*
                                  JACOB K. AUERBACH
                                  Florida Bar No.: 084003